NYDEGGER–FRIEDMAN REALTY CORPORATION, Appellant,

v.

Belma SWEENEY, Appellee.

No. 7946.

United States Court of Appeals Fourth Circuit.

Argued Nov. 9, 1959.

Decided Nov. 11, 1959.

E. L. Ryan, Jr., Norfolk, Va. (White, Ryan & Reynolds, Norfolk, Va., and George J. Viertel, Newport News, Va., on brief), for appellant.

Herbert V. Kelly (Jones, Blechman, Woltz & Kelly, Newport News, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and THOMSEN, District Judge.

THOMSEN, District Judge.

Defendant below, the owner-operator of a shopping center in Virginia, appeals from the refusal of the district judge to enter a judgment n. o. v. in its favor on the ground that there was no evidence that it was charged with any knowledge or notice of the dangerous condition which caused plaintiff's injury or was otherwise negligent.

The shopping center consists of a number of stores surrounding a concrete parking lot. There was evidence that late in October, 1957, in order to run a sewer line to a new building, defendant's employees dug a trench two feet wide across the parking lot; a contractor laid the pipe; and on October 30 defendant's employees, together with the contractor's employees, filled the ditch with the dirt

which had been removed therefrom. The contractor ran a truck back and forth over the fill to tamp it down, but the concrete was not replaced. On November 1 more than an inch of rain fell. On the morning of November 2 plaintiff drove her automobile onto the parking lot, intending to purchase something at one of the shops. Tire marks indicated that other automobiles had driven across the fill at various places, but when plaintiff attempted to drive across, the front wheels of her automobile dropped down through the dirt until the automobile came to rest on its bumper and frame, injuring the plaintiff.

The jury might reasonably have concluded that the ditch had not been properly filled and tamped at the place where plaintiff attempted to cross.

Defendant's reliance on its claimed lack of knowledge or notice of the actual defect is misplaced. In West v. City of Portsmouth, 196 Va. 510, 84 S.E.2d 503, the Supreme Court of Appeals of Virginia held that a city is not an insurer against accidents on its streets and sidewalks; that its duty is discharged if it exercises ordinary care to keep them in a reasonably safe condition for travel; and that before there can be a recovery it must generally be shown, inter alia, that the municipality had actual or constructive notice of the defective condition of the street before the accident. The Court said, however, that notice is not necessary where the defect is caused by the municipality itself.

■ In the instant case the defect was caused by the owner of the parking lot itself. It caused the trench to be dug, and its employees and its contractor filled the trench with dirt. The work was still uncompleted; the concrete surface had not been relaid. The defendant had notice of the danger "from the very nature of the work". Pioneer Construction Co. v. Hambrick, 193 Va. 685, 70 S.E.2d 302, 307. No other notice was necessary.

■ The jury might well have found that defendant was negligent in causing or permitting the ditch to be filled in such a manner that it developed weak spots after the first rain, in failing to place boards across the ditch, or in failing to give any warning of the danger, when it knew that customers of its tenants would cross the ditch in their ordinary use of the parking lot.

■ The district judge did not err in refusing defendant's motion for judgment n. o. v. Nor did he err in refusing defendant's request that the jury be instructed that "even though you may believe that a defect existed on the defendant's premises, nevertheless, plaintiff cannot recover in this action unless you believe that the defendant had adequate actual or constructive notice of the defect and thereafter failed to correct same in the exercise of reasonable care". The judge properly instructed the jury that plaintiff might recover if they found "that the defendant, in the exercise of ordinary care, should have corrected the defect or placed warnings of danger to those visiting the premises".

Affirmed.